UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL MOREIRA-ALFARO,

          Petitioner,

  vs.

ROBERT L. AYERS, JR., Warden,

          Respondent.

No. C 07-4132 PJH (PR)

**ORDER TO SHOW CAUSE; GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in San Mateo County, which is in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

In 1993 a jury convicted petitioner of attempted first degree murder and assault with a deadly weapon. He was sentenced to prison for life with the possibility of parole plus one year. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review.

## DISCUSSION

*A. Standard of Review*

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases in the Federal District Courts, 28 U.S.C. foll. § 2254.

*B. Legal Claims*

As grounds for federal habeas relief, petitioner asserts that his Sixth Amendment rights were violated when the sentencing court denied probation and enhanced his sentence from a determinate sentence to an in determinate sentence based on facts not submitted to the jury and found to be true beyond a reasonable doubt. He asserts this violated the rule announced in *Cunningham v. California*, 127 S. Ct. 856, 871(2007). This claim is sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

    4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 16, 2007.

                                   PHYLLIS J. HAMILTON
                                   United States District Judge

G:\PRO-SE\PJH\HC.07\MOREIRA-ALFARO4132.OSC.wpd