United States District Court
For the Northern District of California

1
2
3                          UNITED STATES DISTRICT COURT
4                          NORTHERN DISTRICT OF CALIFORNIA
5
6
7    MIGUEL MOREIRA-ALFARO,
8                          Petitioner,              No. C 07-4132 PJH (PR)
9        vs.                                        **ORDER TO SHOW CAUSE;**
                                                    **GRANT OF LEAVE TO**
10   ROBERT L. AYERS, JR., Warden,                  **PROCEED IN FORMA**
                                                    **PAUPERIS**
11                         Respondent.
                                             /
12
13          Petitioner, a California prisoner currently incarcerated at San Quentin State Prison,
14   has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has
15   paid the filing fee.
16          Venue is proper because the conviction was obtained in San Mateo County, which is
17   in this district.  *See* 28 U.S.C. § 2241(d).
18                                **BACKGROUND**
19          In 1993 a jury convicted petitioner of attempted first degree murder and assault with
20   a deadly weapon.  He was sentenced to prison for life with the possibility of parole plus one
21   year.  Petitioner unsuccessfully appealed his conviction to the California Court of Appeal
22   and the Supreme Court of California denied review.
23                                **DISCUSSION**
24   *A.  Standard of Review*
25          This court may entertain a petition for a writ of habeas corpus "in behalf of a person
26   in custody pursuant to the judgment of a State court only on the ground that he is in
27   custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §
28   2254(a).  It shall "award the writ or issue an order directing the respondent to show cause

1   why the writ should not be granted, unless it appears from the application that the applicant

2   or person detained is not entitled thereto." *Id.* § 2243.

3       Habeas corpus petitions must meet heightened pleading requirements. *McFarland*

4   *v. Scott,* 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and

5   set forth "facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing

6   Section 2254 Cases in the Federal District Courts, 28 U.S.C. foll. § 2254.

7   *B.  Legal Claims*

8       As grounds for federal habeas relief, petitioner asserts that his Sixth Amendment

9   rights were violated when the sentencing court denied probation and enhanced his

10  sentence from a determinate sentence to an in determinate sentence based on facts not

11  submitted to the jury and found to be true beyond a reasonable doubt. He asserts this

12  violated the rule announced in *Cunningham v. California*, 127 S. Ct. 856, 871(2007). This

13  claim is sufficient to require a response.

14                                  **CONCLUSION**

15       For the foregoing reasons and for good cause shown,

16       1. The clerk shall serve by regular mail a copy of this order and the petition and all

17  attachments thereto on respondent and respondent's attorney, the Attorney General of the

18  State of California. The clerk also shall serve a copy of this order on petitioner.

19       2. Respondent shall file with the court and serve on petitioner, within sixty days of

20  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

21  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

22  granted. Respondent shall file with the answer and serve on petitioner a copy of all

23  portions of the state trial record that have been transcribed previously and that are relevant

24  to a determination of the issues presented by the petition.

25       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

26  the court and serving it on respondent within thirty days of his receipt of the answer.

27       3. Respondent may file a motion to dismiss on procedural grounds in lieu of an

28  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

**United States District Court**
For the Northern District of California

Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

4.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  August 16, 2007.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\MOREIRA-ALFARO4132.OSC.wpd

United States District Court
For the Northern District of California