UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL MOREIRA-ALFARO,

    Petitioner,

vs.

ROBERT L. AYERS, JR., Warden,

    Respondent.

No. C 07-4132 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

    This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted based on petitioner's cognizable claim for relief. Respondent filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner thereafter filed a traverse. For the reasons set out below, the petition is denied.

**BACKGROUND**

    In 1993, a jury in San Mateo County Superior Court convicted petitioner of one count of attempted first degree murder with enhancements for the use of a personal weapon and for inflicting great bodily injury, and assault with a deadly weapon with an enhancement for inflicting great bodily injury. The trial court sentenced petitioner to a term of life plus one year in state prison. In 1995, Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review.

    In 1997, petitioner filed petitions for a writ of habeas corpus and for a writ of coram nobis in the state trial and appellate courts. After these petitions were denied, petitioner

filed a petition for review in the California Supreme Court. The state petitions, like the instant federal petition, were based on *Cunningham v. California*, 127 S. Ct. 856, 871(2007).

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

## DISCUSSION

As grounds for federal habeas relief, petitioner asserts that his Sixth Amendment rights were violated when the sentencing court denied probation and enhanced his sentence from a determinate sentence to an indeterminate sentence based on facts not submitted to the jury and found to be true beyond a reasonable doubt. He asserts this violated the rule announced in *Cunningham v. California*, 127 S. Ct. 856, 871(2007).

In *Cunningham*, the United States Supreme Court held that California's determinate sentencing law violated the Sixth and Fourteenth Amendment right to a jury trial because "circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt[.]" *Id.* at 868. *Cunningham* was based upon the Court's prior decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (1999), and *United States v. Booker*, 543 U.S. 220 (2005). *See Cunningham*, 127 S.Ct. at 871.

*Cunningham* does not apply to petitioner's case because *Cunningham* applies retroactively on collateral review only to convictions that became final on direct review after the decision in *Blakely* on June 24, 2004. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). The conviction in this case became final for purposes of retroactivity when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired, i.e. on August 17, 1997, ninety days after the California Supreme Court's denial of the petition for direct review. Similarly, there is no retroactive application of the decisions in *Apprendi*, *Blakely*, and *Booker*, all of which were announced after petitioner's conviction became final on direct review. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 665 (9th Cir. 2002) (addressing *Apprendi*), *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) (addressing *Blakely*), and see *United States v. Cruz*, 423 F.3d 1119, 1122 (9th Cir. 2005) (addressing *Booker*). Because the Supreme Court decisions upon which petitioner's claim is based do not apply retroactively to his case, the claim must be denied.[1]

**CONCLUSION**

---

[1] As petitioner cannot obtain relief upon his claim, the court need not reach respondent's alternative argument that the petition is untimely.

3

1  For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

2  The clerk shall enter judgment and close the file.

3  **IT IS SO ORDERED.**

4  Dated: March 25, 2009.

5  PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\MOREIRA-ALFARO4132.RUL.wpd